UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NACM-NEW ENGLAND, INC., )<br>    Plaintiff, )<br> )<br>v. )<br> )<br> )<br> )<br>NATIONAL ASSOCIATION OF CREDIT MANAGMENT, INC., )<br>    Defendant. ) | CIVIL ACTION<br>No. 17-12261-TSH |

# ORDER OF CONTEMPT
### January 24, 2019

**HILLMAN, D.J.**

## Background

NACM-New England, Inc. d/b/a Business Credit Intelligence ("BCI") has filed a Complaint against National Association of Credit Management, Inc. ("NACM") seeking relief for breach of contract, violation of the Massachusetts Consumer Protection Act, Mass. Gen. L., ch. 93A, §11 ("Chapter 93A"), and interference with advantageous business relations. On September 24, 2018, after briefing and an evidentiary hearing, this Court granted BCI's motion for injunctive relief and entered the following Order:

    a.    The 2011 Agreement between BCI and NACM [shall] remain in place and continue to operate in accordance with its terms and NACM shall continue to honor all its obligations thereunder, including its obligation not to share BCI's membership list with any entity that provides core services; and

    b.    NACM shall refrain from interfering with the business relationship between BCI and UTC.

*See Memorandum and Order*, dated September 24, 2018 (Docket No. 61 )("Prior Order"), at pp. 43-44. In making this ruling, I found that NACM had improperly attempted to terminate the 2011 Affiliation Agreement between the parties.[1]

On October 29, 2018, Robin Schauseil president of NACM ("Schauseil"), sent BCI a 90-day notice terminating the 2011 Affiliate Agreement on the grounds that BCI failed to meet the required membership retention standard in each of the months from May through August 2018. Thus, without further action by this Court, the 2011 Affiliation Agreement between the parties would terminate on January 29, 2019. This Order addresses Plaintiff's Motion For Finding Of Contempt Of Court And For Further Injunctive Relief (Docket No. 71). For the reasons set forth below, that motion is *granted.*

## Discussion

On October 1, 2018, BCI informed Schauseil that BCI would submit a request for proposal ("RFP") to acquire Pennsylvania Association of Credit Management, an Affiliate with whom BCI had a longstanding working relationship. On October 2, 2018, Schauseil sent BCI an e-mail notifying BCI that it was not qualified to reply to the RFP because it was not in "good standing" as the result of its being non-compliant with the March 14, 2012 Membership Retention Policy ("MRP"), which, she asserted, BCI had "contractually" agreed to.

The MRP states:

    a. The Affiliate will use its best efforts to solicit, secure and retain membership. Affiliate must on a net basis, retain not less than 85% of its total membership in any historical consecutive 12-month period.

    b. Should retention drop below 85% in any consecutive l2-month period, the Affiliate must obtain a waiver to continue to be recognized as an Affiliate of the National Association of Credit Management.

---

[1] Terms defined in the Prior Order shall have the same meaning when used herein.

2

l. The waiver must be submitted in writing to the National Board of Directors outlining the circumstances of being unable to retain 85% of total members, including  details of things like membership campaigns, number of outreach attempts made to non-renewing members and  the number of outreach attempts made to current members. The NACM Chairman and NACM President will discuss the circumstances of the waiver with the Affiliate Council. After discussion with the Affiliate Council, the NACM Board will consider the circumstances outlined in the waiver and take action, including but not limited to, that  the Affiliate be mentored  by another Affiliate with progress reports sent to the NACM Board, an audit of Affiliate membership be conducted, participation in the Affiliate Assistance Program  or termination of the Affiliated Association Agreement.

Specifically, Schauseil stated that BCI failed to meet retention standards for July and August 2018 as compared to July and August 2017. BCI was asked to submit a waiver request under the MRP. BCI did not do so and on October 29, 2018, Schauseil sent BCI notice that its membership was being terminated on January 29, 2019 for failure to meet the MRP for the Period *May through August* 2018.   The termination notice went on to state:

> Whereas, the NACM Board of Directors convened to consider the circumstances and take action on NACM-New England's [BCI's] failure to meet the membership retention standard;
>
> Whereas,  without having received a written waiver request, the Affiliate Council and the NACM Board had no choice but to review NACM-New England's [BCI's] membership reporting activity over the past 20  months;
>
> Whereas, the four consecutive month retention trend below 85% and 10 consecutive months with no new members added coupled with the lack of any changes reported  has caused alarm;
>
> Whereas, the NACM Board considered facts learned through the Discovery process and concluded that NACM-New England [BCI] clearly is no longer interested  in being an affiliated association of National given that the 2011 Agreement requires both parties to the agreement work with and support the objectives of the other, to the maximum extent possible;
>
> Therefore, the NACM Board finds the cause of the termination to be NACM-New England's [BCI's] failure to meet the membership retention requirements and its failure to abide by the intent of the Agreement.

BCI claims that since the MRP is not included in the 2011 Agreement[2], it is not bound by the policy. BCI further argues that it did not violate the terms of the MRP because there is no evidence that it fell below the 85% threshold for a "historical consecutive twelve month period." NACM argues that BCI is bound by the policy because: (1) NACM COO's, including Braun approved the policy at their January 16, 2012, meeting; (2) the standards were then approved by the Affiliate Council at their February 29, 2012 meeting; and (3) the Affiliate Council sent the standards to the NACM Board of Directors which then approved and adopted them at its meeting on March 14, 2012. Because I find that NACM has failed to establish that BCI violated the MRP, it is not necessary for me to resolve this issue.

Ascribing the natural meaning to the words "historical *consecutive* 12-month period," it is plain that an Affiliate would have to fall below the 85% threshold for an *entire* twelve month period, that is, for example, from *July 2017 through July 2018.* Instead, NACM informed BCI in the October 2, 2018 e-mail that its membership for July 2018 was less than 85% of its membership was for July 2017, with the same being true for the month of August 2018 compared to August 2017. NACM's tortious and misguided definition of "historical consecutive 12-month period," establishes beyond any doubt that its latest attempt to terminate BCI as an Affiliate was done in bad faith and in *clear* violation of this Court's Prior Order. Moreover, NACM's bad faith is further evidenced by the fact that in its termination notice it cites two additional months that BCI was allegedly out of compliance with the MRP—these two months (May and June 2018) were not mentioned in Schauseil's October 2 e-mail and NACM never requested that BCI apply for a waiver with respect thereto. Additionally, it was clear from the arguments and proffers at the hearing that since its inception, other Affiliates have failed to comply with the MRP. The Court inquired of

---

[2] The MRP was not included in the 2011 Agreement, but was expressly included in the 2017 Affiliate Agreement which BCI did not sign.

Schauseil as to how many times NACM has sought to terminate an Affiliate for violating the MRP prior to seeking to terminate BCI. Tellingly, her response was "never."

Under the circumstances, I find NACM in contempt of my Prior Order. Accordingly, I find that NACM's October 29, 2018 notice of termination is void and of no effect and that NACM shall take no further steps to enforce it. NACM shall continue to treat BCI as an Affiliate in accordance with the terms of the 2011 Affiliate Agreement and shall not make statement to any other Affiliate, any member of any other Affiliate or any other person and take no other action that calls into question BCI's status as an NACM affiliate in good standing as the result of its alleged violation of the MRP.[3]

NACM shall reimburse BCI for all reasonable attorneys' fees and costs in connection with prosecuting this motion. Accordingly, on or before, February 8, 2019, BCI shall provide the Court with the amount of costs and legal fees incurred, together with appropriate supporting documentation.

## Conclusion

Plaintiff's Motion For Finding Of Contempt Of Court And For Further Injunctive Relief (Docket No. 71) *granted*, as provided herein.

**SO ORDERED.**

/s/ *Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**

---

[3] BCI requests that the Court order that NACM apply to the Court for permission before it seeks to terminate the 2011 Agreement. While the Court has not entered that order, I caution NACM that if in the future the Court find that NACM has attempted to terminate the 2011 Agreement in violation of the Prior Order, in addition to attorneys' fees and costs, the Court will consider imposing significant monetary sanctions.